(35 Misc. Rep. 208.)

MARGOLIES v. ERNST.

(Supreme Court, Appellate Term. June, 1901.)

CONTRACT OF EMPLOYMENT—INSTRUCTIONS.

 In an action for breach of contract to employ plaintiff at a fixed compensation for a fixed term, where the answer denies each and every allegation of the complaint except employment of plaintiff by defendant, the length of the employment is a material issue, and it is error to charge that there has been no denial of the contract in the pleadings.

Appeal from city court of New York, general term.

Action by Peric Margolies against Max Ernst. Judgment for plaintiff was affirmed by the general term (71 N. Y. Supp. 1141), and defendant appeals. Reversed.

The first paragraph of the complaint was as follows: "(1) That on or about the 18th day of August, 1899, the above-named plaintiff and the defendant herein entered into an agreement. wherein and whereby the said defendant, in consideration of this plaintiff entering into his employ and service, for the term and at the compensation hereinafter stated, agreed to employ and did employ the above-named plaintiff as a foreman in the said defendant's pants factory at No. 535 Broadway, in the city of New York, borough of Manhattan, for a term of one year, beginning from the above-named date, at a salary of ten hundred and forty ($1,040) dollars a year, payable in equal weekly payments of twenty ($20) dollars per week during said term; and said plaintiff, in consideration thereof, agreed to

and did enter into the employ of the said defendant for said term at said compensation as hereinbefore stated, and thereupon entered upon his service, and continued in said employment and service until the 8th day of October, 1899." The second paragraph alleged a wrongful discharge. The first paragraph of the answer was as follows: "(1) Defendant admits that the above-named plaintiff was employed in his factory at No. 535 Broadway, in the city of New York, borough of Manhattan, until the 8th day of October, 1899, but denies each and every allegation or parts of allegations contained in paragraph marked '1' of the first cause of action in plaintiff's amended complaint contained."

Argued before SCOTT, P. J., and BEACH and FITZGERALD, JJ.

Horwitz & Samuels (S. Livingston Samuels, of counsel), for appellant.

M. Feltenstein, for respondent.

PER CURIAM. This action having been brought upon an oral contract of employment at a fixed compensation and for a fixed period, and all of the averments in the complaint having been denied in the answer except that the plaintiff was employed in defendant's factory, the period of employment was certainly one of the material issues involved in the trial. In the main charge of the learned court no reference is made to this subject, but at plaintiff's request the court charged in the following words: "There has been no denial of the contract on the pleadings." This was manifestly error, and left to the jury only the question as to whether or not the affirmative defenses pleaded in the answer were established. It amounted to a statement by the court that the contract, as set forth in the complaint, was admitted; and, indeed, in view of some of the rulings upon evidence, there is good ground for the contention that this was the general theory of the case adopted by the learned trial court.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.